IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY CRIM | ) | CASE NO. 1:10CV2809 |
| | ) | |
| Plaintiff , | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| BILL/WILLIAM D. MASON | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

  Plaintiff *pro se* Terry Crim, confined in the Cuyahoga County, Ohio Jail, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Cuyahoga County Prosecutor Willaim D. Mason. He alleges that his indictment his indictment is fraudulently printed because William Mason, whose "name is clearly William D. Mason, is rubber stamping his name a Bill Mason. He requests damages in the amount of $1,000.000.00

  A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

  The Cuyahoga County Common Pleas Court docket shows that Plaintiff's case is still pending. *State of Ohio v. Crim*, Case No. CR-10-543741. A federal court must decline to interfere

with pending State proceedings involving important State interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) State proceedings are on-going; (2) the State proceedings implicate important State interests; and (3) the State proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the State court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a State court criminal matter, which are of paramount State interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the State court. Consequently, this Court is required to abstain from intervening in the State court proceedings.

Further, prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Bill/William Mason acted outside of the scope of his responsibilities.

Accordingly, for the reasons set forth above, it is ordered that this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Date: January 28, 2011                        *s/     James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE